***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 21, 2022, affirmed January 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL MONTGOMERY,
*Defendant-Appellant.*

Washington County Circuit Court
20CR39371; A175030

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury found defendant guilty of one count of fourth-degree assault, two counts each of strangulation and coercion, and three counts of harassment for his conduct towards his domestic partner, S. On appeal, defendant challenges his convictions, assigning error to the trial court's admission of out-of-court statements under the OEC 803(18a)(b) hearsay exception.[1] He first argues that this exception did not apply to statements made by the declarants—S's three children, V, X, and D—to law enforcement officer, Officer Davies, because they were not victims. Defendant further argues that the court's error was not harmless. The state contends that the trial court did not err and that if it did, any error was harmless. We need not resolve whether the trial court erred in admitting the disputed statements because, assuming that it did so err, we agree with the state that any such error was harmless. Therefore, we affirm.

A trial court's error in admitting evidence is harmless if there is "little likelihood that the error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). To determine "whether erroneously admitted *** evidence affected the verdict, we consider the nature of the evidence in the context of the trial as a whole." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (citing *Davis*, 336 Or at 33-34). In doing that, we "review all portions of the record, not just the evidence most favorable to the state." *Id.* at 849. If we conclude that a trial court's error was harmless, we must affirm the conviction. *Davis*, 336 Or at 32. Here, we do not recount all the evidence that we considered and provide only a brief description of events for context.

Defendant had been in a romantic relationship with S and resided at S's residence with her three children, V, X, and D, who witnessed the four incidents that involved defendant's charged conduct towards S. During defendant's jury trial, he moved to suppress statements that V, X, and D made to Officer Davies regarding those incidents. Despite

---

[1] "A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005 *** is not excluded by [OEC 802] if the declarant *** testifies at the proceeding and is subject to cross-examination." OEC 803(18a)(b).

defendant's objection, the court allowed Davies to testify about V's, X's, and D's statements, besides testifying about the investigation. V, X, and D, as well as S, S's brother, and two other law enforcement officers involved in investigating defendant's conduct, also testified for the state. Additionally, the state introduced videos from Davies's and another officer's body cameras, showing S's interview when they visited S's residence to investigate related complaints. The defense did not call any witnesses. Defendant did introduce two pictures of an aluminum baseball bat to contradict allegations that he had used a hammer during one of the incidents. The jury convicted defendant of eight out of nine counts, acquitting him on one count of unlawful use of a weapon for his conduct involving what the state conceded during rebuttal was a baseball bat rather than a hammer.

On appeal, defendant argues that admission of the children's hearsay statements was not harmless because witness credibility was central to the case. He asserts that, due to the lack of physical evidence, V's, X's, and D's out-of-court statements bolstered S's credibility—the state's most important witness according to defendant. Defendant claims that the jury's acquittal on the count of unlawful use of a weapon suggests that the jury was not entirely convinced by the state's evidence. Defendant also argues that some of the out-of-court statements added detail and coherence that V's, X's, or D's direct testimony lacked and that Davies's testimony recounting certain of those out-of-court statements was inflammatory. Contending that any error was harmless, the state argues that V, X, and D testified at trial and offered more detailed descriptions of the facts compared to their out-of-court statements. It also argues that V's, X's, and D's out-of-court statements either did not address defendant's charged conduct, were duplicative of their testimony, or not relied on by the state.

Assuming that the trial court erred, we agree with the state that any error was harmless. First, despite the lack of physical evidence, the jury heard testimony from multiple witnesses at trial, from which it could assess the credibility of S. As the record shows, not only S, but also V, X, and D, as well as S's brother, "testif[ied] to the same

effect" or in more detail at defendant's trial, as compared to the disputed statements. *Simon*, 294 Or App at 849 ("when several witnesses testify to the same effect, the erroneous admission of one witness's testimony often will be harmless"). Moreover, the jury observed videos of S's interview with Davies, during which S spoke about the incidents, and Davies testified about the interview. V's, X's, and D's out-of-court statements were indeed "cumulative" of the other evidence. *State v. Hobbs*, 218 Or App 298, 309, 179 P3d 682, *rev den*, 345 Or 175 (2008) ("When * * * disputed evidence is merely cumulative of other evidence establishing the same point, the error is harmless."). Thus, there is little likelihood that those out-of-court statements affected the jury's assessment of the state's evidence and the jury's acquittal on one count does not indicate otherwise.

Second, we disagree with defendant's specific argument that some statements added detail and coherence that V's, X's, and D's direct testimony lacked, and that Davies's testimony was inflammatory. Here, defendant points to two statements, one being V's out-of-court statement describing "pounding," S "being thrown against a wall," and S "screaming in pain"; and the other being D's statement that defendant said that he "could literally kill [S] right now." However, as the state proposes, the relevant out-of-court statements were either duplicative or not relied on in the state's argument. *See Simon*, 294 Or App at 852 ("inadmissible * * * evidence was not prejudicial where reference was isolated and innocuous, and prosecutor did not later rely on it" (citing *State v. Irons*, 162 Or App 512, 526, 987 P2d 547 (1999), *rev den*, 330 Or 120 (2000)).

Affirmed.